OPINION OF THE COURT
James B. Reap, J.
All references herein are to the Rules of the Chief Judge of the State of New York published in 22 NYCRR part 28.
A. BACKGROUND:
1. Plaintiff demanded a jury trial de novo after arbitration pursuant to section 28.12.
2. Plaintiff is a lawyer who brought an action in this court to recover $6,000 as and for the value of legal services he allegedly rendered to defendant. Defendant counterclaimed for *153 $1,000,000 in damages, alleging malpractice, and for an additional $1,000,000 in punitive damages. This court referred the case to arbitration pursuant to 22 NYCRR 28.2 (b). The arbitrators had jurisdiction of both the plaintiff’s claim and of the counterclaim under section 28.2 (d).
3. Section 28.8 (b) (5) confers upon the arbitration panel all the powers of a court when in the process of conducting its hearings, including that of deciding questions of law and fact submitted to them.
4. Section 28.11 (a) states that the award shall be signed and filed with the commissioner.
5. Section 28.11 (b) says that absent a demand for trial de novo or vacation of the award, the award shall be final.
6. Therefore, the whole of section 28.11 is very clear in directing that there shall be an award.
7. The Commissioner of Arbitration appointed a three-member panel to decide the case. The panel met for two hours on October 8, 1986, and for two hours on November 20, 1986, thus devoting a total of four hours deliberating. The case was not settled, it was not discontinued, and there was no default.
B. THE NONDECISION OF THE ARBITRATORS:
1. Under date of November 20, 1986, the arbitration panel stated: "The panel makes no finding in this action on plaintiff’s claim or on defendant’s counterclaim.”
2. In effect, the panel abdicated their responsibility to make a decision which is unacceptable as a matter of law.
3. The last sentence of the first paragraph of section 28.2 (b) states that the action shall be heard and decided by a panel of arbitrators. The panel is, therefore, mandated to decide, and making no finding in favor of either party is no decision at all. Moreover, a decision must make an award to some party as we have seen under section 28.11. It would have been proper to expressly dismiss the complaint or the counterclaims or both. That may be exactly what the arbitrators intended but we have no crystal ball and no reasoning is supplied for the "no finding” of an award. Therefore, we have no award filed, no decision made, and no jurisdiction to proceed. The demand for a jury trial de novo is therefore denied and the demand vacated.
C. ACTION:
The case is referred back to the Commissioner of Arbitra *154 tion with a direction to take action at his option and in his sole discretion either to (a) refer the case back to the original arbitration panel to make a decision in accordance herewith and with zero additional compensation to be paid to the panel, or (b) refer the case to a wholly new panel for the purpose of considering the merits ab initio.